## KIMBALL vs. MORRELL.

Extraneous proof of the contents of an instrument lost by time and accident, is not admissible, until a foundation is first laid by evidence that an instrument was duly executed with the formalities required by law, and that it is lost.

When the declarations of parties are admitted in evidence as part of the *res gesta*, it is because they go to explain the true intent and meaning of the parties at the time. But this rule is not applicable to the contents of a deed; which is not to be limited, restrained or enlarged, by any parol declarations of the parties.

AT the trial of this action, which was a writ of entry for lands in *Mount Vernon*, the demandant claimed the land under one *David Philbrook*; and to support his title, called a witness, who testified that about a year before the death of one *Benjamin Philbrook*, who owned several parcels of land in *Mount Vernon*, the said *Benjamin* and *David* called the witness and his brother,

to subscribe their names as witnesses to a deed, made at the same time, from *Benjamin* to *David*, of a tract of land in that town ; and they accordingly did so subscribe their names. He also testified that the deed was acknowledged before a magistrate, and was handed by *David* to the witness, to be kept till he should return from the eastward; and that about three months afterwards he called for and received the deed. The witness did not particularly recollect that it had a seal.

The demandant proposed further to prove, by the same witness, that the grantor, at the time of executing the deed, declared that it was a conveyance of the premises demanded in this action. But *Weston J.* before whom the cause was tried, rejected this testimony as inadmissible.

There was no evidence of the loss or destruction of the deed ; nor that any search or inquiry had been made for it. But the evidence rejected was not objected to on that ground ; the trial proceeding upon the assumption on the part of the demandant that the deed, *if it ever existed*, was lost or destroyed ; and proof of the latter fact was not required or called for on the part of the tenant.

A verdict was taken for the tenant, subject to the opinion of the court, upon the question whether the evidence rejected ought to have been received.

*Orr* and *Emmons,* for the demandant, contended that the proof ought to have been admitted. It was part of the *res gesta.* The declarations of a grantor, made before or at the time of the conveyance, are always admissible, if made against his interest, and not prejudicial to rights of third persons existing at the time. The proof offered was precisely of this character. *Bridge v. Eggleston* 14 *Mass.* 245. The evidence admitted went to prove the existence of a deed of land in *Mount Vernon,* which was lost. The party offered further to designate the land, by the same mode of proof ; which was nothing more than giving in evidence the whole of the grantor's declarations made at the same time, and relating to the same subject ; where a part of those declarations was confessedly admissible, upon acknowl-

edged principles.    The matter of the seal was wholly for the
jury to determine, upon the evidence before them.

Bond, on the other side, argued against the admissibility of the
evidence proposed, because no foundation was laid by the pre-
vious introduction of the preliminary proof of diligent but
ineffectual search for the deed.    It was not denied at the trial
that the deed, if it ever existed, was now lost ; but the point in
issue was, whether any such deed ever existed.    The evidence
offered to shew this, was nothing more than hearsay ; and the
death of the grantor gives it no higher character.    Gray v. Good-
rich 7 Johns. 95.    15 Johns. 493.    1 East 373.    The declara-
tions of a grantor can never be admitted to prove the existence
or contents of his own deed.    He cannot explain its latent ambig-
uities ; 1 Mass. 91—even though he may not be interested in
the event ; 2 Day 121—nor can he defeat it ; 12 Mass. 439.
Bridge v. Eggleston 14 Mass. 245.    1 Johns. 159 ;—for such
testimony would violate the statute of frauds. 6 Johns. 19.    And
as to the argument that the testimony offered was against the
grantor's interest, the rule does not apply to lands ; nor can the
court determine whether it was against his interest or not.    11
Johns. 437.    15 Johns. 286.    Such declarations, even if made in
extremis, are not received.    2 Johns. 31.    16 Johns. 302.

The opinion of the court, the Chief Justice not sitting in the
cause, was delivered by

PREBLE J.    When a party, on an issue to the country, would
avail himself of an instrument in writing, lost by time and acci-
dent, he should first prove that an instrument was duly executed
with the formalities required by law; and secondly, that the
instrument so executed has been lost.    Then, and not till then,
he is permitted to give evidence of its contents.)    Though there
was no evidence offered by the demandant, and no direct admis-
sion by the tenant, on the trial of the issue, that the deed in
question was lost, he denying that there ever was any such deed;
the cause was suffered to proceed, and did proceed without ob-
jection by the tenant, on that assumption.    We may therefore

regard the objection to the testimony rejected, arising from the fact that the necessary previous proof of loss had not been offered, as having been waived.

It is contended that the declarations offered to be proved are not subject to the objection, nor within the rule of law in regard to hearsay testimony; because those declarations were parts of the transaction ; and because they were against the interest of the person making them.

When the declarations of parties are admitted in evidence as a part of the *res gesta,* it is because those declarations go to explain the true intent and meaning of the parties at the time. Now the true intent and meaning of a deed, and the contents of that deed, are to be gathered from the deed itself. The language of the parties to it, whether used before, or after, or at the time of its execution, cannot be given in evidence to limit, restrain or enlarge its meaning. The declarations therefore of the parties to a deed, as to its contents, are no part of the *res gesta.*

Nor is the argument, urged from the supposed adverse interest of the party making the declarations, more tenable. It does not appear that the declarations were against his interest. If a grantor should convey away by deed a valuable estate, saying at the time that the premises conveyed were a certain parcel, known be of little value, how would his interest stand affected by his declarations ? He has given a deed—he has conveyed something. His declarations alter not the fact. He wishes, perhaps, it may be understood he has conveyed little, when he has conveyed much. But I attach no importance, in this case, to this mode of meeting the argument of the demandant's counsel. Admitting the grantor's declarations to have been against his interest, that does not make these declarations evidence against the tenant. If by such declarations the demandant may prove a part of the deed, he may prove each part ; and thus the mere parol declarations of a grantor may be proved to defeat or overreach his solemn subsequent conveyance to a third person. The objections are overruled and there must be

*Judgment on the verdict*